**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-29564 MER |
| MARK A. KENDALL, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, ) | Adversary No. 10-1710 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JANET K. KENDALL, and THE J. K. ) | |
| FAMILY TRUST ) | |
| ) | Signed/Docketed |
| Defendants. ) | April 25, 2014 |

**ORDER**

The Court previously entered a judgment against the Defendants in this proceeding. After notice and a hearing, the Court stayed execution of the judgment pending Defendants' appeal pursuant to FED. R. BANKR. P. 8005 ("Rule 8005"). The United States Bankruptcy Appellate Panel of the Tenth Circuit ("BAP") affirmed this Court's trial order and judgment, and Defendants timely appealed the matter to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). There are no disputed facts concerning this matter, and the sole issue is whether the stay pending appeal imposed by this Court under Rule 8005 terminated at the conclusion of the BAP appeal, or whether the stay continues through the entire appeal process, including a subsequent appeal from the BAP to the Tenth Circuit.

**BACKGROUND**

Debtor Mark A. Kendall ("Debtor") filed for relief under Chapter 7 of Title 11 of the United States Code on August 2, 2010. On September 30, 2010, the former Chapter 7 trustee commenced this adversary proceeding by filing a Complaint against Defendants Janet K. Kendall ("Ms. Kendall") and The J.K. Family Trust (collectively with Ms. Kendall, the "Defendants") for the avoidance and recovery of certain assets transferred by the Debtor. Following a trial on the merits, the Court entered its Order dated August 6, 2012 ("Trial Order")

with a judgment in favor of the former trustee ("Judgment"),[1] avoiding three fraudulent conveyances.  Further, the Trial Order authorized the former Chapter 7 trustee to pursue recovery of assets within the limitations of 11 U.S.C. § 550(d), including but not limited to certain real property located at 5436 West 7th Street Road in Greeley, Colorado ("Property").

On August 20, 2012, Defendants appealed the Trial Order and Judgment to the BAP,[2] primarily asserting this Court erred in 1) determining the value of the Debtor's business based on a liquidation rather than "going concern" basis, and 2) using the lower liquidation value to conclude the Debtor was insolvent at the time he made the subject transfers.  Three days later, the Defendants filed their Motion to Stay Judgment, requesting a stay pending appeal pursuant to Rule 8005, or in the alternative, to stay the judgment for a reasonable time–between 90 and 180 days–to allow Ms. Kendall to obtain another residence.[3]  The former Chapter 7 trustee opposed the Motion to Stay Judgment.  Following a hearing on the matter, the Court entered a Minute Order dated September 7, 2012, providing, *inter alia*, as follows:

> Based upon the representations and arguments of counsel, and for the reasons stated on the record, **the Court shall stay execution of the Judgment (Docket No. 75) pending appeal**, on the following conditions:
>
> > With respect to the house and surrounding real property, **the Court will stay execution of the Judgment pending the appeal** provided: (1) the Defendants maintain the property; (2) the Defendants maintain all insurance coverage against the property; (3) the Defendants maintain the current condition of the property, as may be supervised by the Trustee; (4) the Defendants cure any and all outstanding real property taxes against the property by October 1, 2012; and (5) so long as the Defendants are in possession of the property as a result of the stay, the Defendants must pay any and all real property taxes timely going forward.  If Defendants fail to comply with any of these conditions, the stay of execution with respect to the property shall be lifted.[4]

---

[1] Docket Nos. 73 and 75.

[2] Notice of Appeal, at Docket No. 81.

[3] *See* Docket No. 97.

[4] Minute Order dated September 7, 2012, at Docket No. 137 (emphasis added).  The Court also ordered the Defendants to post a supersedeas bond to cover the avoided cash

Page 2 of  14

The parties do not dispute Defendants have complied with the above enumerated conditions with respect to the Property.  The parties further agree that during the pendency of the appeal to the BAP, Rule 8005 stayed the Trial Order and execution of the Judgment and the parties never requested a modification or termination of the stay from either this Court or the BAP as provided for in Rule 8005.

During the BAP appeal, Joli A. Lofstedt ("Trustee") was substituted for Charles Schlosser as Chapter 7 trustee.  On May 7, 2013, the BAP issued a written opinion affirming the Trial Order ("BAP Order")[5] and the BAP issued the mandate on May 22, 2013.  In the interim, on May 20, 2013, Defendants filed a Notice of Appeal to the Tenth Circuit.[6]  The Tenth Circuit appeal is still pending.

## DISCUSSION

Other than the stay pending appeal granted by this Court under Rule 8005, the Defendants failed to seek any further stay of the Trial Order and Judgment, despite several opportunities to do so.  Specifically, Defendants never sought a stay pending appeal of the BAP Order with the BAP pursuant to FED. R. BANKR. P. 8017 ("Rule 8017").   Defendants did not seek a stay of the BAP mandate from the BAP pursuant to 10TH CIR. BAP L.R. 8016-6(b).[7]  Further, Defendants never requested a stay pending appeal of the BAP Order from the BAP or the Tenth Circuit pursuant to Federal Rule of Appellate Procedure 8(a).[8]

---

transfers in the total amount of $418,750.  The Court received no information on whether a bond was posted.  However, a review of the docket indicates the Trustee has engaged in post-judgment collection regarding the avoided cash transfers.  Thus, it appears Defendants did not post the supersedeas bond and the stay with respect to the cash transfers was lifted by operation of the Minute Order.

[5] *See* BAP Order, at Docket Nos. 202 and 203.

[6] Docket No. 206.

[7] A "stay of mandate" pursuant to local rules of the BAP is different than a "stay pending appeal" under the Federal Rules of Bankruptcy Procedure; a stay of mandate maintains the appellate court's jurisdiction over case, but it does not stay operation and enforcement of an appealed judgment. *In re Sunset Sales, Inc.*, 222 B.R. 914 (10th Cir. BAP 1998), *judgment aff'd*, 195 F.3d 568 (10th Cir. 1999).

[8] FED. R. APP. P. 8(a)(1) provides a party may file a motion to stay pending appeal of a District Court (or BAP) judgment or order by filing an initial motion with the District Court (or BAP).  *Sunset Sales*, 222 B.R. at 918.  If filing the initial motion is impractical or if the initial motion is denied by the District Court (or BAP), the party may file a motion directly with the Tenth Circuit.  FED. R. APP. P. 8(a)(2).

About three months into the Tenth Circuit appeal, counsel for the Trustee conferred with counsel for the Defendants, seeking to conduct an orderly sale of the Property.  The Trustee asserts the Rule 8005 stay pending appeal regarding the Property terminated when the BAP issued its mandate.  Defendants, opposing any sale of the Property, argue the stay pending appeal issued by this Court continues throughout the entire appellate process, including the Tenth Circuit appeal.  The failure to seek any additional stay was a heavy gamble for the Defendants given the Property–where the Debtor and Ms. Kendall currently reside–hangs in the balance.  If this Court's stay pending appeal terminated, the Trustee may proceed with the sale of the Property, orderly or not.  Such a sale would create potential problems if Defendants prevail in their Tenth Circuit appeal.  However, if the stay pending appeal continues through the Tenth Circuit appeal, the Debtor and Ms. Kendall may continue to reside at the Property until the Tenth Circuit appeal concludes (or the stay is modified or terminated).

Thus, the parties' dispute regarding the proposed sale of the Property was the catalyst for the Trustee's Motion for Determination of Law Regarding Continuation of FED. R. BANKR. P. 8005 Stay of Execution or, in the Alternative, to Vacate Stay ("Motion to Determine Stay").  The Court reviewed the record from the hearing regarding Defendants' Motion to Stay Judgment, and there was no discussion of whether the stay pending appeal would continue after conclusion of the BAP appeal.  As a matter of first impression, the Court must determine just how long a bankruptcy court's Rule 8005 "stay pending appeal" remains in effect.

### A.   Bankruptcy Rules Governing Stays Pending Appeal

A stay pending appeal temporarily suspends proceedings or the effect of a judgment.  The Court begins its analysis with the applicable Federal Rules of Bankruptcy Procedure.[9]

FED. R. BANKR. P. 8005 applies to appeals of a bankruptcy court order to a district court or bankruptcy appellate panel.  Rule 8005, titled "Stay Pending Appeal," provides as follows:

> **A motion for a stay of the judgment, order, or decree of a bankruptcy judge**, for approval of a supersedeas bond, or for other relief *pending appeal* must ordinarily be presented to the bankruptcy judge in the first instance.  Notwithstanding Rule 7062 but **subject to the power of the district court and the bankruptcy appellate**

---

[9] The Court acknowledges a third rule governing a stay of a proceedings to enforce a judgment, but the rule does not apply to the parties' dispute.  *See* FED. R. CIV. P. 62, incorporated by FED. R. BANKR. P. 7062.

> **panel reserved hereinafter**, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order **during the pendency of an appeal** on such terms as will protect the rights of all parties in interest.  A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.  The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.  When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.[10]

Rule 8005 provides no indication of whether a stay pending appeal terminates following the immediate appeal to the bankruptcy appellate panel or district court.  In the absence of any direction in the rule itself, this Court must press on.

The second relevant rule provides a mechanism to stay a bankruptcy appellate panel or district court order during a subsequent appeal to the court of appeals.  Rule 8017 applies to appeals from the district court or bankruptcy appellate panel, whichever renders an order and judgment on an appeal of a bankruptcy court order.  FED. R. BANKR. P. 8017, captioned "Stay of Judgment of District Court or Bankruptcy Appellate Panel," provides as follows:

> (a) Automatic stay of judgment on appeal.  Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 14 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.
>
> **(b) Stay pending appeal to the court of appeals.  On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals**.  The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown.  If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who

---

[10] FED. R. BANKR. P. 8005 (emphasis added).

obtained the stay, **the stay shall continue until final disposition by the court of appeals**. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a stay but a bond or security shall not be required if a stay is obtained by the United States or an officer or agency thereof or at the direction of any department of the Government of the United States.[11]

Unlike Rule 8005, Rule 8017 expressly provides a stay pending appeal terminates at the latest upon final determination of the Tenth Circuit.

It therefore appears axiomatic that, in order to obtain a stay of a district court or bankruptcy appellate panel order or judgment pending appeal to a court of appeals, a party should seek such a stay under Rule 8017. At a minimum, it is just good practice to request a stay pending appeal under Rule 8017 if the losing party appeals the judgment of the district court or bankruptcy appellate panel. Here, however, Defendants did not seek a stay of the BAP Order under Rule 8017, leaving this Court to determine whether its own stay pending appeal under Rule 8005 continues through the Tenth Circuit appeal.

**B.    Does a Stay Pending Appeal Under Rule 8005 Terminate or Continue Through the Entire Appeal Process?**

The parties agree Rule 8005 controls the stay pending appeal issued by this Court. The Court considered the sparse number of cases addressing whether a Rule 8005 stay pending appeal terminates. The common thread is a comparison of Rule 8005 with Rule 8017.

The United States Bankruptcy Court for the District of Columbia was the first to examine and distinguish these rules in detail, ultimately holding a bankruptcy court's stay pending appeal terminated upon final determination by the district court or the bankruptcy appellate panel.[12]

---

[11] FED. R. BANKR. P. 8017 (emphasis added).

[12] *Richards v. Linder & Associates, P.C. (In re Richards)*, 241 B.R. 769 (Bankr. D.D.C. 1999), *abrogated on other grounds*, *In re Capitol Hill Grp.*, 330 B.R. 1 (Bankr. D.D.C. 2005). In *Capitol Hill*, Judge Teel stated "in *Richards*, this court erred in assuming that a district court is to issue a mandate to give effect to its ruling disposing of a bankruptcy appeal, and erred in concluding, based on that assumption, that a lack of the issuance of a mandate is a bar to the bankruptcy court's enforcement of the ruling." *Capitol Hill*, 330 B.R. at 1. "The failure of the District Court's clerk's office to comply with Rule 8016(b) does not serve to stay the District Court's Orders: only a stay under Rule 8017 would stay the effectiveness of the Orders." *Id.* at 4.

> F.R.Bankr.P. 8017 should be viewed as the rule controlling the stay of an affirmed bankruptcy court judgment. Two other rules, F.R.Bankr.P. 7062 and F.R.Bankr.P. 8005, authorize stays pending "an appeal" without any distinction drawn between an appeal to the district court or a further appeal to the court of appeals. Unlike F.R.Bankr.P. 8017, however, these rules fail expressly to deal with a stay pending an appeal to the court of appeals. So Rules 7062 and 8005 ought not be viewed as addressed to a stay pending an appeal to the court of appeals.[13]

In conjunction with comparing these rules, the *Richards* court also considered the importance of deference to the district court (and bankruptcy appellate panel) to maintain "sound relations" between courts, and the intermediate appellate court's ability to assess more accurately the probable costs incurred during the appeal and the costs of a subsequent appeal to the court of appeals.[14] As Judge Teel explained in *Richards*, this interpretation satisfies "the need for a clear-cut rule applicable to all cases,"[15] and affords maximum deference to the district court and bankruptcy appellate panel. Nine years after *Richards*, Judge Teel reiterated "[t]here is no reason to stay the effectiveness of the affirmed order unless the [moving party] is entitled to a stay of the District Court's order. . . . [A]ny stay of the District Court's order must be sought from the District Court or the Court of Appeals."[16]

This Court agrees. A Rule 8005 stay pending appeal should not extend to an appeal of the district court or bankruptcy appellate panel to the court of appeals. The very existence of Rule 8017 negates the need for a bankruptcy court to issue a open ended stay pending appeal that would continue through a subsequent appeal to the Tenth Circuit. The genesis of Rule 8005 is FED. R. APP. P. 8,[17] and Rule 8017 is derived from FED. R. CIV. P. 62 and

---

[13] *Richards*, 241 B.R. at 775.

[14] *Id.*

[15] *Richards*, 241 B.R. at 776.

[16] *In re Howell-Robinson*, 05-00184, 2008 WL 5076975 (Bankr. D.D.C. July 30, 2008) (citing *Richards*, 241 B.R. at 775-76; *In re Texas Equip. Co.*, 283 B.R. 222, 230–31 (Bankr. N.D. Tex. 2002)).

[17] The Rule 8005 Advisory Committee Note addresses a bankruptcy court's jurisdiction over a stay pending appeal under Rule 8005 to the District Court or BAP. "The second sentence of the rule is derived from § 39(c) of the Bankruptcy Act [former § 67(c) of this title] and confers on the bankruptcy judge discretion respecting the stay or continuation of other proceedings **in the case while an appeal is pending**." FED. R. BANKR. P. 8005 advisory committee's note (emphasis added).

FED. R. APP. P. 41.[18]  The Bankruptcy Rules should be applied in accord with the rules upon which they are based.  Stated differently, just as Rule 8005 confers authority with the bankruptcy court to enter a stay pending appeal of its judgment, Rule 8017 authorizes the district court or bankruptcy appellate panel to stay its judgment pending appeal to the court of appeals.  District courts and bankruptcy appellate panels should be free to exercise such authority without interference from the bankruptcy court.

Furthermore, the Tenth Circuit recognizes the distinct functions of Rule 8005 and Rule 8017.  Two months before the *Richards* decision, the Tenth Circuit determined a request to stay pending appeal from the BAP to the Tenth Circuit under Rule 8017, and stated:

> The rules governing appeals to and from intermediate tribunals (i.e., the BAP or the district court acting in its appellate capacity) are contained in Part VIII of the Bankruptcy Rules.  **Bankruptcy Rule 8005 governs stays pending appeal *to* an intermediate appellate tribunal.**  Like Fed.R.App.P. 8, relating to stays pending appeal to a circuit court, Bankruptcy Rule 8005 contemplates that the trial court will be the primary court to stay a matter pending appeal.  Bankruptcy Rule 8005 expressly recognizes the trial court's power to enter a stay pursuant to Bankruptcy Rule 7062, and it gives the intermediate appellate tribunal power to enter a stay or to terminate or modify one entered by the bankruptcy court.
>
> **Stays pending appeal *from* an intermediate appellate tribunal are governed by Bankruptcy Rule 8017.**  It provides that the judgment of the intermediate appellate tribunal shall automatically be stayed for ten days after entry, unless otherwise ordered by the court.  FED. R. BANKR. P. 8017(a).  This gives a party time in which to decide whether to pursue an appeal, akin to FED.R.CIV.P. 62(a), which automatically stays enforcement of district court judgments in civil cases for ten days, and Fed. R.App. P. 41(a), which provides that the mandate of the circuit court shall not issue for a certain period of time.  *See* FED. R. BANKR. P. 8017 advisory committee's note.  Bankruptcy Rule 8017(b) empowers the intermediate appellate tribunal to enter a further stay of its judgment pending appeal to a higher court.  The

---

[18]  The Rule 8017 Advisory Committee Note states subsection 8017(b) "vests in the district courts and bankruptcy appellate panels the same authority the courts of appeals have under Rule 41(b) F.R.App.P. **to stay their judgments pending appeal.**  Perfection of an appeal to the court of appeals while a stay entered by the district court or bankruptcy appellate panel is in effect results in the automatic continuation of that stay during the course of the appeal in the court of appeals." FED. R. BANKR. P. 8017 advisory committee's note (emphasis added).

> advisory committee note explains that subdivision (b) gives the district courts and the BAPs the same authority that Fed. R.App. P. 41(b) gives the circuit courts to stay their judgments pending appeal, thereby indicating that the stay provisions of Bankruptcy Rule 8017(b) are modeled after those governing circuit courts, rather than those governing district courts.[19]

Although the Tenth Circuit in *Sunset Sales* did not address the precise issue before this Court, whether a stay pending appeal under Rule 8005 terminates, the Tenth Circuit expressed its view that Rule 8005 controls stays pending appeal from the bankruptcy court **to** an intermediate appellate tribunal, not an appeal **from** an intermediate appellate tribunal to the Tenth Circuit. The Tenth Circuit recognized the authority to stay a district court or bankruptcy appellate panel judgment pending appeal is a power reserved for the "intermediate appellate tribunal" under Rule 8017.

The *Richards* interpretation has garnered additional support, and is the growing majority position.[20] For example, the United States Bankruptcy Court for the Eastern District of North Carolina reasoned as follows:

> This Court is persuaded to limit the "appeal" language in Bankruptcy Rule 8005 to include only the appeal from the bankruptcy court to the

---

[19] *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 195 F.3d 568, 571 (10th Cir. 1999) (concluding the BAP did not have the authority to grant a stay pending appeal to the Tenth Circuit after it had issued its mandate, unless it recalled its mandate) (emphasis added). The United States District Court for the District of Kansas also embraced this distinction:

> Both sides have cited FED. R. BANKR. P. 8005 as the basis for the court's authority to grant a stay pending appeal. Rule 8005, however, addresses appeals of bankruptcy court decisions to a district court. The relevant rule governing stays pending appeal of a district court judgments in bankruptcy cases is FED. R. BANKR. P. 8017.

*City of Olathe v. KAR Dev. Assocs. (In re Kar Dev. Assocs., L.P.)*, 182 B.R. 870, 872 (Bankr. D. Kan. 1995). *See also, In re Winslow*, 123 B.R. 647, 648 (D. Colo. 1991) ("Bankruptcy Rule 8017 governs stays pending appeal of district court or bankruptcy appellate panel judgments in bankruptcy cases"); *In re Fross*, 258 B.R. 26, 28 (10th Cir. BAP 2001) ("A motion to stay a judgment of this Court pending appeal is governed by Federal Rule of Bankruptcy Procedure 8017(b)[.]").

[20] *Richards*, 241 B.R. 769 (Bankr. D.D.C. 1999); *see also In re Fountain Powerboat Indus.*, No. 09-07132-8-RDD, 2011 WL 5909465 (Bankr. E.D.N.C. 2011); *In re Howell-Robinson*, No. 05-00184, 2008 WL 5076975 (Bankr. D.D.C. July 30, 2008); *In re Capitol Hill Grp.*, 330 B.R. 1, 2 (Bankr. D.D.C. 2005); *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 231 (Bankr. N.D. Tex. 2002).

district court or bankruptcy appellate panel. Bankruptcy Rule 8017 would apply where the district court judgment has been appealed to the court of appeals, regardless of whether or not a stay was sought in the appeal from the bankruptcy court order or judgment to the district court.  Rule 8005 specifically provides that the motion to stay applies to a judgment, order, or decree of a bankruptcy court and such rule makes no reference to a decision of the district court.  In contrast, Rule 8017 includes language as to the district court decision. The caption of Rule 8017 is even entitled: STAY OF JUDGMENT OF DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL.  Therefore, it is clear to this court that any stay of a district court judgment must be ordered by the district court under Rule 8017.[21]

After distinguishing these rules, the *Fountain Powerboat* court held "Rule 8005 limits the stay pending appeal entered by the bankruptcy court until entry of judgment by the district court on an appeal of the bankruptcy court order, judgment or decree."[22]  Judge Doub further explained:

> By holding otherwise, this Court would be expanding the meaning of Bankruptcy Rule 8005 beyond its intended scope and encroaching upon the powers to stay a judgment of the district court which is specifically reserved to the district court under Rule 8017(b). The bankruptcy court retains the ability to modify or terminate its stay pending appeal at the request of a party prior to the entry of judgment in the district court.  Once the district court has entered its judgment, the stay pending appeal granted by the bankruptcy court and pursuant to Bankruptcy Rule 8005, no longer applies.  An appellant must then employ Bankruptcy Rule 8017(b) in order to seek the imposition of a stay pending appeal to the circuit court if the appellant desires the stay to extend beyond the fourteen(14) day stay provided under Bankruptcy Rule 8017(a).[23]

This Court is persuaded by such reasoning, and aligns itself with the conclusions of *Richards* and its progeny.

Defendants provide only one case on point supporting a continuous Rule 8005 stay pending the entire appeal process.  In *In re RMAA Real Estate Holdings, LLC,* the United States Bankruptcy Court for the Eastern District of

---

[21] *Fountain Powerboat*, 2011 WL 5909465, at * 7 (internal citation omitted).

[22] *Id.* at *8.

[23] *Id.*

Virginia compared three cases which discussed a stay pending appeal, but recognized none of those three cases actually addressed the issue of whether a stay pending appeal under Rule 8005 terminates.[24] In determining how long a Rule 8005 stay pending appeal would remain in effect, the *RMAA* court took an expansive view of Rule 8005 and reasoned:

> The proposition enunciated in *Gleasman v. Jones, Day, Reaves & Pogue* that a stay pending appeal from a bankruptcy court order should have sufficient flexibility to meet differing and unique circumstances that may be present in a particular bankruptcy case seems widely accepted. **While that does not directly address the question of the termination of a stay pending appeal after a district court's resolution of an appeal but before a court of appeals' resolution, it suggests that a stay pending appeal from a bankruptcy court's order should stay in effect until the appeal has fully run its course.** The bankruptcy court, if it is the court granting the stay, may modify this and make it effective only until the entry of the district court's order and the amount of the bond may be subject to review if a further appeal is taken to the court of appeals. **In any event, either the bankruptcy court or the district court may terminate the stay pending appeal or modify the bond in light of developments on appeal in the district court.**[25]

In *RMAA*, the bankruptcy court concluded "the stay pending appeal will be effective until the appeal is finally determined, unless it is earlier terminated by this court or the district court."[26] The *RMAA* court also stated "[i]f there is a further appeal to the Court of Appeals, the amount of the bond should be re-examined in light of the circumstances then existing."[27]

---

[24] *In re RMAA Real Estate Holdings, LLC*, No. 10–16505, 2010 WL 3632706, at *2 (Bankr. E.D. Va. Sept. 10, 2010) (comparing *In re James River Assoc.*, 148 B.R. 790, 798 (E.D. Va. 1992) (finding "a stay pending appeal dissolves when the appeal is decided."); *In re Henderson*, 57 B.R. 660, 662 (Bankr. W.D. Va. 1986)(finding the supersedeas bond posted for the district court appeal did not continue after the district court appeal); and *Gleasman v. Jones, Day, Reaves & Pogue (In re Gleasman)*, 111 B.R. 595, 599 (Bankr. W.D. Tex. 1990) (stating "Rule 8005 is by its design a flexible tool which permits a bankruptcy court to uniquely tailor relief to the circumstances of the case, so that the appellate process will neither undo nor overwhelm the administration of the bankruptcy case.")).

[25] *Id.* at *2-3 (emphasis added).

[26] *Id.* at *3.

[27] *Id.*

While this Court agrees Rule 8005 is a flexible tool for a bankruptcy court to determine whether a stay pending appeal is appropriate given the facts of a specific case, the Court finds a Rule 8005 stay should not continue through a subsequent appeal of a BAP or district court judgment to the Tenth Circuit. Unless otherwise certified for direct appeal to the Tenth Circuit,[28] an appeal of a final order and judgment of this Court must be heard by either the District Court or the BAP.[29] The Tenth Circuit has jurisdiction over subsequent appeals from all final decisions, judgments, orders, and decrees entered by the District Court and the BAP.[30] It is well established a district court or bankruptcy appellate panel cannot grant a stay pending resolution of a petition for *certiorari*.[31] Thus, Rule 8005 should not be interpreted as transcending the boundaries of jurisdiction to allow a bankruptcy court to issue a stay pending appeal continuing through an appeal to the Tenth Circuit. Such a result would invite interference with the entire appellate process, and trample the authority vested in the district court and the BAP to enter a stay pending appeal of its orders to the court of appeals, and the authority of the Tenth Circuit to enter a stay pending resolution of a petition for *certiorari*.

Here, Defendants did not seek or obtain a certification for direct appeal, and voluntarily appealed the Trial Order and Judgment to the BAP. On May 22, 2013, the BAP entered its mandate. At that moment, the stay imposed by this Court under Rule 8005 expired. The Court's Minute Order dated September 7, 2012, stayed "execution of the Judgment pending the appeal"[32] and did not contemplate a subsequent appeal to the Tenth Circuit.

Unfortunately, Defendants did not seek a stay pending appeal of the BAP Order from the BAP under Rule 8017. Although Rule 8005 authorizes this Court to adjust the stay during an appeal to the BAP,[33] the stay pending appeal

---

[28] 28 U.S.C. § 158(d)(2).

[29] *See* 28 U.S.C. § 158(a)-(c).

[30] 28 U.S.C. § 158(d)(1).

[31] *See* 28 U.S.C. § 2101(f). *See also United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) ("[T]he great weight of recent, reasoned authority has concluded that § 2101(f) does not permit a district court to exercise jurisdiction to stay a circuit court's final judgment pending filing or resolution of a *certiorari* petition.") (citing cases).

[32] Minute Order dated September 7, 2012, at Docket No. 137.

[33] The Rule 8005 Advisory Committee Note addresses a bankruptcy court's jurisdiction over a stay pending appeal under Rule 8005 to the District Court or BAP. "The second sentence of the rule is derived from § 39(c) of the Bankruptcy Act [former § 67(c) of this title] and confers on the bankruptcy judge discretion respecting the stay or continuation

granted by this Court was neither modified nor terminated during the course of the BAP appeal. This is an important distinction because this Court retained jurisdiction over the stay pending appeal to the BAP per the express language of Rule 8005, and the BAP had jurisdiction over the actual BAP appeal. However, the moment the BAP issued a mandate, the BAP's jurisdiction over the appeal ceased.[34] The Defendants' subsequent appeal of the BAP Order to the Tenth Circuit vested jurisdiction over the appeal to the Tenth Circuit.[35] As set forth above, the Court cannot interpret Rule 8005 as granting more authority to a bankruptcy court than the authority of a district court or bankruptcy appellate panel to grant a stay pending appeal. Therefore, the Court concludes its stay pending appeal under Rule 8005 has terminated, and the Court need not reach the Trustee's alternative request to vacate the stay pending appeal.

In each of the previous cases examining this issue, there was still time for the appropriate party to seek a stay pending appeal (or stay of mandate) from the appropriate intermediate appellate court. What makes the instant matter unique is the Trustee filed the Motion to Determine Stay after the deadlines expired to request an appellate stay pending appeal under Rule 8017, or a stay of the BAP mandate under 10th Cir. BAP L.R. 8016-6(b). Thus, it appears Defendants have waived any right to seek a stay pending appeal under Rule 8017 from the BAP.

## CONCLUSION

Based on the foregoing,

IT IS THEREFORE ORDERED the stay pending appeal imposed by this Court under FED. R. BANKR. P. 8005 terminated on May 7, 2013, and the Trustee is authorized to proceed with execution of the Trial Order and judgment with

---

of other proceedings **in the case while an appeal is pending**." FED. R. BANKR. P. 8005 advisory committee's note (emphasis added).

[34] *Sunset Sales*, 222 B.R. at 917 (citing *e.g., United States v. Salameh*, 84 F.3d 47, 50–51 (2d Cir. 1996) (the effect of the mandate is to remove a case from the jurisdiction of the appellate court, and jurisdiction may only be restored by recalling the mandate); *United States v. Rivera*, 844 F.2d 916, 920 (2d Cir. 1988) (jurisdiction follows the mandate); *Deering Milliken, Inc. v. Federal Trade Comm.*, 647 F.2d 1124, 1129 (D.C. Cir. 1980) (appellate court retains jurisdiction until mandate is issued); 20 MOORE'S FED. P. §§ 341.02 & 341.12[2] (3rd ed. 1997) (mandate returns jurisdiction to the trial court) (citing numerous cases); *see also James Barlow Family Ltd. Partnership v. Munson*, 132 F.3d 1316 (10th Cir. 1997) (the court treated a motion to clarify an order and opinion as a motion to recall the mandate because the mandate had been issued prior to the filing of the motion to clarify), *cert. denied*, 523 U.S. 1048, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998)).

[35] 28 U.S.C. § 158(d)(1).

respect to the Property.  As a result of this ruling, the Trustee's request in the alternative to vacate the stay is denied as moot.

Dated April 25, 2014                                BY THE COURT:

                                                    _____
                                                    Michael E. Romero
                                                    United States Bankruptcy Judge